# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LENA P. FLANNAGAN and RALPH D. FLANNAGAN, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| GCG TRUCKING, GEORGE J. GHIGLIOTTY, ET AL., | : | |
| Defendants. | : | NO. CV206-228 |

### O R D E R

On December 27, 2006, Plaintiff filed a motion for voluntary dismissal of the above-styled action without prejudice. By Order dated December 28, 2006, the Court granted Plaintiff's motion without having provided Defendants with an opportunity to be heard on the matter. Presently before the Court is Defendants' motion for reconsideration.[1]

---

[1] In addition to seeking reconsideration, Defendants' motion further sought clarification as to the status of Defendants' counterclaim in light of the Court's order of dismissal as to Plaintiffs' claims. (See Doc. No. 36 at 2.) It is the Court's understanding that clarification is no longer necessary because Defendants' have reached an agreement with Plaintiffs' liability carrier to settle the counterclaim. (See Doc. No. 43 at 2-3.)

Federal Rule of Civil Procedure 41(a)(2) provides the standard for a plaintiff's motion for voluntary dismissal:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004) (quoting LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)). Therefore, "'in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'" Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001)(quoting McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986)) (emphasis in original); Fisher v. PR Marine Mgmt., Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991).

> Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss.

Pontenberg, 252 F.3d at 1256 (citation omitted).

Having read and carefully considered Defendants' motion, the Court concludes that Defendants have failed to identify clear legal prejudice sufficient to warrant disturbance of the Court's previous order. Accordingly, Defendants' motion for reconsideration (Doc. No. 36) is **DENIED**. In light of the foregoing, Defendants' request for oral argument (Doc. No. 37) is **DENIED**.

**SO ORDERED** this ____2____ day of February, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)