In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DISTRICT COURT

2007 AUG 30 A 8:59

| | | |
|---|---|---|
| LENA P. FLANNAGAN and RALPH D. FLANNAGAN, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| GCG TRUCKING, and GEORGE J. GHIGLIOTTY, et al., | : | |
| Defendants. | : | NO. CV206-228 |

## O R D E R

This case is presently before the Court on a motion filed by Defendants, GCG Trucking and George J. Ghigliotty, to recover attorneys' fees and expenses from Plaintiffs, Lena P. Flannagan and Ralph D. Flannagan. Because the Court finds insufficient evidence in the record to support the imposition of such sanctions, Defendants' motion will be **DENIED**.

### BACKGROUND

Plaintiffs filed this diversity action against Defendants for alleged injuries arising out of a tractor trailer accident

AO 72A
(Rev. 8/82)

which occurred on March 26, 2004. Plaintiffs' complaint was filed in the Superior Court of McIntosh County on March 20, 2006, and removed by Defendants to this Court on October 6, 2006. On September 7, 2006, personal service was perfected on Defendants in Volusia County, Florida.

On October 17, 2006, Defendants filed a motion for partial summary judgment on the ground that Plaintiff's personal injury claims were barred by the statute of limitation because of the delay in service of process.

Plaintiffs retained new counsel on December 13, 2006. On this date, attorney, James Durham, filed a notice of appearance on behalf of Plaintiffs. Additionally, Herman Warren Cobb, John Calvin White, and Herman Warren Cobb, Jr. submitted motions for leave to appear pro hac vice on behalf of Plaintiffs.

Having filed a timely response in opposition to Defendants' motion for partial summary judgment[1], Plaintiffs filed a motion to dismiss voluntarily the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) on December 27, 2006. The Court granted Plaintiffs' motion to

---

[1] On November 30, 2006, the Court granted Plaintiffs' request to extend the response deadline to December 22, 2006.

dismiss on December 28, 2006, and denied Defendants' motion for reconsideration on February 2, 2007. Defendants' counterclaim having been voluntarily dismissed with prejudice, the Clerk entered judgment dismissing the action on February 21, 2007.

On March 7, 2007, Defendants timely filed the instant motion for attorneys' fees and expenses. Defendants assert that Plaintiffs' greater than three month delay in dismissing the action after Defendants were served with the complaint demonstrates obdurate conduct and gross negligence sufficient to warrant the imposition of attorneys' fees and expenses.

## DISCUSSION

The federal judicial system operates under the "American Rule." Under this rule, each litigant typically bears responsibility for his own attorneys' fees. Travelers Cas. and Sur. Co. of Am. v. Pac. Gas & Elec. Co., 127 S.Ct. 1199, 1203 (March 20, 2007). One of the exceptions to the American Rule, however, is found in the Court's "inherent power" to assess attorneys' fees and expenses. Chambers v. NASCO, Inc., 501 U.S. 32, 44-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001).

AO 72A
(Rev. 8/82)

This inherent power, however, must fall within three narrowly defined circumstances and, because of their "potency," inherent powers must be exercised with "restraint and discretion." Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1202 (11th Cir.), reh'g & reh'g en banc denied, - F.3d - (11th Cir. Dec 14, 2006) (quoting Chambers, 501 U.S. at 44, 111 S.Ct. 2123). The three narrowly defined circumstances under which a court possesses inherent power to impose attorney's fees are: (1) as part of the common fund exception; (2) as a sanction for the "willful disobedience of a court order"; and (3) "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Pedraza v. United Guar. Corp., 313 F.3d 1323, 1335 (11th Cir. 2002) (quoting Chambers, 501 U.S. at 45-46, 111 S.Ct. 2123).

The parties concede that both the first and second circumstances are inapplicable under the facts of the instant case. Therefore, the only available means of sanctioning Plaintiffs for their conduct under the Court's inherent powers is where a party or lawyer has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." Id. Although the standard to be applied "sounds very broad, in fact, one finds few cases in which a sanction on this ground

4

has been actually upheld." Taylor v. Teledyne Techs., Inc., 338 F.Supp.2d 1323, 1368 (N.D. Ga. 2004). Thus, upon review of the facts of the instant case, the Court concludes that there is no evidence in the record that Plaintiffs' delay in filing their motion for voluntary dismissal was done in "bad faith, vexatiously, wantonly, or for oppressive reasons" as necessary to warrant the imposition of sanctions.

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Defendants' motion for attorney's fees and expenses (Doc. No. 49) is **DENIED**.

**SO ORDERED**, this 25th day of April, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)